IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL VAUGHN PORTER                               PLAINTIFF

VS.                                 CIVIL ACTION NO. 3:20-cv-102-DPJ-FKB

CITY OF BRANDON,
MISSISSIPPI, and RANKIN
COUNTY, MISSISSIPPI                                 DEFENDANTS

## **REPORT AND RECOMMENDATION**

Michael Vaughn Porter filed this action pursuant to 42 U.S.C. § 1983 while he was a detainee at the Rankin County Jail. He is proceeding *in forma pauperis*, and thus his case falls under the Prison Litigation and Reform Act (PLRA). Defendants, the City of Brandon, Mississippi, and Rankin County, Mississippi, have filed dispositive motions [36] and [38], to which Plaintiff has failed to respond. On January 19, 2022, a *Spears*[1] hearing was held at which Plaintiff was given an opportunity to clarify his claims. Having considered Defendants' motions and Plaintiff's testimony at the hearing, the undersigned recommends that the case be dismissed for failure to state a claim.

In his complaint, Plaintiff made no specific factual allegations against Defendants. Rather, he alleged generally that he is the victim of organized crime, conspiracies, and perjury, and that he has been repeatedly assaulted and falsely incarcerated. The only relief requested was to be relocated, to have his claims investigated, and to file appropriate charges. Subsequently, in response to this court's order [12], Plaintiff filed a document [13] in which he attempted to give some factual background for his complaint. The response filed by Plaintiff consists of a list of

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

encounters he has had with law enforcement and the judicial system dating back to 2009, along with his grievances or complaints about those encounters. The allegations amount to little more than legal conclusions.

In April of 2021, Defendants filed motions arguing that Plaintiff has failed to state a claim. Plaintiff never took the opportunity to respond to the motions and clarify his claims. Therefore, the undersigned set the matter for a *Spears* hearing in October of 2021; however, Plaintiff failed to appear. A second *Spears* hearing was set January 19, 2022, and Plaintiff was directed to respond to Defendants' motions by January 18, 2022. Plaintiff failed to respond to the motions. However, he did appear at the *Spears* hearing, where the undersigned questioned him extensively in one last effort to obtain factual information about his allegations.

The only clarity the undersigned received at the *Spears* hearing was that Plaintiff has failed to state any claim against either Defendant. When questioned about his claims against the City of Brandon, Plaintiff stated only that from 2007 through 2009, Officer Parfait with Brandon Police Department performed numerous stops, searches and arrests of Plaintiff, and that Officer Parfait also assaulted him in a hospital parking lot in 2008 or 2009 by punching him in the face. The applicable limitations period for claims under § 1983 is Mississippi's three-year residual limitations period set forth in Miss. Code Ann. § 15-1-49. *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012). This action was not filed until February of 2020. Thus, all claims against the City of Brandon are clearly time-barred.

Plaintiff's claims against Rankin County arise out of several arrests and detentions. Plaintiff testified that he was arrested in 2012 for malicious mischief and remained in jail until the charges were dismissed in 2016. He characterized this incident as one of false incarceration. Plaintiff's vague allegations fail as a matter of law; they do not provide enough factual content to allow a "reasonable inference that [Rankin County] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In any event, any such claim is barred by the statute of limitations. He also testified that he was unlawfully detained more recently for two years on a charge that was later dismissed. Plaintiff's other filings indicate that this detention arose out of a 2019 indictment for the robbery and kidnapping of his mother. He was released in 2021 after his mother dropped the charges. Again, Plaintiff has failed to allege any facts that would suggest that this pretrial detention was unconstitutional or that the county could somehow be held liable for it.

Finally, Plaintiff testified that he was assaulted repeatedly while in the Rankin County Jail. When asked to identify dates, he named every year from 2009 through 2020. However, he was unable to give any other specifics or to name any individual who assaulted him. Furthermore, he specifically denied that the assaults were pursuant to a policy of the county, and he did not identify any custom or practice. A county cannot be held liable for the acts of its employees absent an official policy, or a custom or practice that can fairly be said to represent the policy of the county. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, he has failed to state a claim against Rankin County for assault.

Plaintiff's claims against the county also fail because of the type of relief sought by Plaintiff. He testified that the only relief he seeks from Rankin County is for his record to be expunged. This court has no authority or jurisdiction to order such relief.

Plaintiff has been given numerous opportunities to state the factual bases for his claims. Nevertheless, he has failed to give the Court any facts suggesting that he has a constitutional claim against either Defendant. For this reason, the undersigned recommends that Defendants' motions be granted and that this matter be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of January, 2022.

s/ F. Keith Ball<br>
United States Magistrate Judge

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).